## THE PEOPLE *v.* MALDONADO.

### APPEAL from the District Court of Ponce.

No. 118.—Decided December 2, 1907.

FINE—COSTS—SUBSIDIARY IMPRISONMENT—JUDGMENT.—Where a defendant is sentenced by a district court to pay a fine and costs, he cannot be imprisoned for failure to pay the costs, but only for failure to pay the fine, or such part thereof as may remain unpaid, at the rate of one day for each dollar so remaining unpaid, and it must be stated in the judgment that the defendant is imprisoned for failure to pay such fine, and no reference should be made to the judgment rendered by the municipal court where the case has come up on appeal therefrom.

APPEAL—CONFLICTING EVIDENCE.—Where the evidence is conflicting and there is sufficient evidence introduced by the prosecution to support the judgment rendered by the court, it will be presumed that such court duly considered and weighed the conflicting evidence and its finding thereon must be accepted by the appellate court.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case of assault and battery which arose in the Municipal Court of Adjuntas. There were two defendants. They were both found guilty and fined, with alternative imprisonment. They took the case, by appeal, to the District Court of Ponce, and there the case was tried anew. They were both fined as in the court below, and one of them took an appeal to this court; the other served out his time in prison.

The District Court of Ponce in rendering judgment says that it partially affirms the judgment of the Municipal Court of Adjuntas, and goes on to say that it condemns the defendant, Angel Maldonado, to the punishment of $30 fine and the costs of both courts, and in default of payment to serve a day in jail for each dollar that remains to be satisfied.

This judgment is not in proper form, as will appear by a reference to the opinion in the case of *The People of Porto Rico* v. *Laviosa,* decided in this court on the 30th of October, 1907. The judgment of the district court should be rendered without reference to that of the municipal court, and the alternative punishment cannot impose a day of imprisonment for the nonpayment of the costs, but only for the nonpayment of the fine; so that the imprisonment should have been limited in this case to 30 days, or so many days as there remained dollars of the fine unpaid, without regard to the costs. That is to say, $30 fine or 30 days in jail. It is unnecessary to elaborate this point, as it is also fully discussed and decided in the case of Laviosa aforesaid.

A statement of the facts, which is erroneously entitled a statement of the case, appears in the record, in which the testimony of all the witnesses both for the prosecution and the defense is set out at length. This has been carefully

examined in all its parts. No bill of exceptions appears in the record, nor has any brief been filed in this court on behalf of the appellant, nor any oral argument made by counsel representing him.

The testimony of the different witnesses is somewhat conflicting, but as we have heretofore decided in many cases, inasmuch as the evidence for the prosecution is insufficient to sustain the judgment of the court, it will be presumed that the conflicts in the testimony were properly reconciled and weighed by the trial judge. His opportunities for sifting the truth from the falsehood, and for determining what witnesses were worthy of belief and whose testimony should be credited, are greatly superior to those of this court, which is confined to the typewritten record.

There being nothing to justify a reversal of the judgment rendered by the District Court of Ponce in this case on the 6th of September, 1907, it is hereby affirmed, in so far as the appellant is thereby condemned to pay the fine of $30 and the costs, and in default of payment to serve one day in jail for each dollar which remains unpaid, it being understood that for failure to pay the costs no imprisonment can be imposed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.